INCE
& CO

INTERNATIONAL
LAW FIRM

International House
1 St Katharine's Way
London E1W 1UN
DX 1070 London City

Tel +44 20 7481 0010
Fax +44 20 7481 4968
www.incelaw.com

G Bros Maritime SA
93 Akti Miaouli
185 38 Piraeus
Greece

Attn: Mr George Gourdomichalis/Mr Stathis
Gourdomichalis

Your Ref

Our Ref    NS/8262

09 July 2007

by email & by fax

Dear Sirs

## M/V Ocean Ellie - URGENT

We act for Ocean Trade S.A. of Liberia ("Ocean Trade").

The purpose of this letter is to put you on notice in respect of claims that Ocean Trade have in relation to the M/V *Ocean Ellie* ("the Vessel"), which we understand your company has contracted to purchase from Ellie Shipping Limited. In the circumstances, Ocean Trade's claim as explained below is likely to be of considerable interest to you.

Ocean Trade was the corporate vehicle through which a joint venture was conducted between Dr Charalambos (Babis) Ziogas, Maritime Financial Holdings Services Corp ("MFHSC") and Maryport Navigation Corp ("Maryport"). The joint venture engaged in the purchase and charter back of various ships.

The role of Dr Ziogas in the joint venture was to act as the agent and representative of Ocean Trade in exchanges and negotiations with various parties, including two Japanese companies called Keymax Maritime Co Ltd ("Keymax") and Inter Pacific Lines Co Ltd ("IPL").

MFHSC was a company owned/controlled by Dr Ziogas. MFHSC's role in the joint venture was that they held an option between October 2001 and June 2002 to buy out any and all interest of Maryport in Ocean Trade. In the event, MFHSC never exercised that option, and Maryport remained at all times the sole shareholder of Ocean Trade.

Pursuant to a signed agreement dated 31 December 2001 between Keymax and Ocean Trade & others ("the Option Agreement"), Keymax Maritime Co Ltd ("Keymax") of Japan agreed to procure the grant of purchase options in respect of six ships, including the *Ocean Ellie*. The purchase options were to be issued by the then owning companies, various Keymax subsidiaries or affiliates, in favour of Ocean Trade.

212

INCE & CO
INTERNATIONAL
LAW FIRM

09 July 2007

The Option Agreement was the culmination of 12 months of negotiations between Ocean Trade, Keymax and another Japanese company, IPL. During those negotiations, Dr Ziogas was acting as Ocean Trade's agent and dealt with most of the relevant discussions and exchanges with Keymax and IPL. Dr Ziogas reported on his activities to Ocean Trade's representative, Mr George Economou. However, it was Dr Ziogas who was the main point of contact with Keymax (and IPL) during the negotiations, and indeed throughout the operation of the joint venture up until July 2002. In his capacity as Ocean Trade's agent, Dr Ziogas owed fiduciary obligations to Ocean Trade to act in good faith and in the best interests of Ocean Trade at all times, including during all his dealings with Keymax in connection with the Option Agreement.

As set out in the endorsement that appears on the attached issued in rem writs, it is Ocean Trade's case that Dr. Ziogas, in breach of his fiduciary obligations to Ocean Trade, procured that the purchase options granted for the benefit of Ocean Trade in accordance with the Option Agreement were granted in the name of other companies owned/controlled by Dr. Ziogas, and not Ocean Trade.

As a result of serious breaches of fiduciary obligations committed by Dr. Ziogas, it is Ocean Trade's position that the *Ocean Ellie* belongs to them. To that end, Ocean Trade have issued in rem proceedings against the Vessel in various jurisdictions throughout the world. By way of example, we attach examples of the in rem writs issued last week in London, Hong Kong and Singapore.

By way of clarification, where in rem proceedings are issued against a ship and that ship later changes ownership after the proceedings were issued, the ship can still be arrested for the in rem claim if it enters the relevant jurisdiction. This principle, sometimes known as a statutory lien, is well established in many jurisdictions. Any competent maritime lawyer will be able to confirm this to you.

Ocean Trade's claim arising from these matters is substantial. If quantified in a monetary amount, it would be of the order of US$12 million in respect of the *Ocean Ellie*. Ocean Trade will take whatever action they consider appropriate to secure their claims in respect of the ownership of the Vessel, and various other claims arising out of the conduct of Dr Ziogas. Such action shall include but not be limited to the arrest of the Vessel. As noted above, Ocean Trade already have commenced in rem proceedings against the Vessel in various jurisdictions.

As stated at the outset, the purpose of this letter is to put you on notice in respect of the above matters.

Yours faithfully,

*Ince & Co*

Ince & Co.

213



| Claim Form (Admiralty Claim in rem) | In The High Court of Justice Queen's Bench Division Admiralty Court | |
|---|---|---|
| | Claim No. | 2007 Folio 1080 |
| | Issue Date | 3 July 2007 |

**Admiralty claim in rem against: the M/V's OCEAN DAISY, OCEAN ELLIE, OCEAN HARMONY, OCEAN PHOENIX**

**All of the Port of Majuro**



Ocean Trade S.A.
80 Broad Street, Monrovia, Liberia.

Claimant.

**The Owners and/or demise charterers od the:**
    **M/V OCEAN DAISY,**
    **M/V OCEAN ELLIE,**
    **M/V OCEAN HARMONY,**
    **M/V OCEAN PHOENIX,**

**Defendants**

214

EUGENERAL.4106208

Particulars of Claim to follow

Does, or will, your claim include any issues under the Human Rights Act 1998? ☐Yes ☑No

Brief details of claim

1.  The Claimant, a company incorporated in Liberia, was the corporate vehicle through which a joint venture was conducted between Mr Charalambos (or Babis) Ziogas ("Mr Ziogas"), Maritime Financial Holding Service Corp and Maryport Navigation Corp. The joint venture engaged in the purchase and charter back of ships.

2.  In/about 2001 – 2002 an agreement was negotiated between the Claimant, Inter Pacific Lines Co Ltd of Japan, and Keymax Maritime Co Ltd of Japan ("Keymax") pursuant to which, inter alia, Keymax agreed to procure the grant of purchase options over six ships held by its subsidiaries (or otherwise controlled by Keymax) to the Claimant ("the Compromise Agreement"). The six ships were the M/V OCEAN DAISY, the M/V OCEAN ELLIE, the M/V OCEAN HARMONY, the M/V OCEAN PHOENIX, the M/V OCEAN SAMPAGUITA, and the M/V SOUTHERN ODYSSEY (collectively "the Option Ships").

3.  Mr Ziogas was the Claimant's agent and dealt with matters relating to the negotiation and implementation of the Compromise Agreement. He accordingly owed to the Claimant a fiduciary obligation to act in good faith and in the best interests of the Claimant in respect of all his dealings relating to the negotiation and implementation of the Compromise Agreement, and generally in his dealings during the currency of the joint venture.

4.  In breach of his fiduciary obligation to the Claimant, and/or fraudulently, Mr Ziogas:

    (a)  procured that the purchase options that were granted for the benefit of the Claimant in accordance with the Compromise Agreement were in fact granted to the benefit of a company or companies controlled by Mr Ziogas rather than the Claimant;

215

(b)    failed to take steps to procure the transfer of the purchase options over the
Option Ships to the Claimant.

5.    The owners and/or the bareboat charterers of the M/V OCEAN DAISY and/or the
M/V OCEAN ELLIE and/or the M/V OCEAN HARMONY and/or the M/V
OCEAN PHOENIX are entities owned/controlled by Mr Ziogas which have
obtained benefits resulting from and/or in connection with Mr Ziogas' breaches of
fiduciary duty and/or fraudulent conduct.

6.    Further/alternatively, the owners and/or the bareboat charterers of the M/V
OCEAN DAISY and/or the M/V OCEAN ELLIE and/or the M/V OCEAN
HARMONY and/or the M/V OCEAN PHOENIX are entities owned/controlled by
Mr Ziogas which have obtained benefits which in equity belong to the Claimant as
the beneficial owner of (i) the purchase options granted over the Option Ships
(alternatively the contractual right to such purchase options under the
Compromise Agreement), and (ii) all property representing or derived from the
same including (without limitation) all property/rights obtained in respect of the
M/V OCEAN DAISY and/or the M/V OCEAN ELLIE and/or the M/V OCEAN
HARMONY and/or the M/V OCEAN PHOENIX upon the exercise of such
purchase options or in exchange for them.

7.    Further/alternatively, the assets of the owners and/or the bareboat charterers of the
M/V OCEAN DAISY and/or the M/V OCEAN ELLIE and/or the M/V OCEAN
HARMONY and/or the M/V OCEAN PHOENIX, including the ships themselves
and/or any shares therein, are held on constructive trust for the Claimant, or
alternatively represent the traceable product of property which in equity belongs
to the Claimant.

8.    The Claimant therefore claims against the owners and/or bareboat charterers of
the M/V OCEAN DAISY and/or the M/V OCEAN ELLIE and/or the M/V
OCEAN HARMONY and/or the M/V OCEAN PHOENIX as follows:

(a)    A claim in respect of the possession and/or ownership of the M/V OCEAN
DAISY and/or the M/V OCEAN ELLIE and/or the M/V OCEAN

HARMONY and/or the M/V OCEAN PHOENIX, and/or the ownership of any shares therein;

(b)    Further/alternatively a claim (or question) arising between the Claimant and the owners and/or the bareboat charterers of the M/V OCEAN DAISY and/or the M/V OCEAN ELLIE and/or the M/V OCEAN HARMONY and/or the M/V OCEAN PHOENIX, as co-owners, as to the possession, employment or earnings of the ships;

(c)    Further/alternatively a claim in respect of an agreement relating to the use of the M/V OCEAN DAISY and/or the M/V OCEAN ELLIE and/or the M/V OCEAN HARMONY and/or the M/V OCEAN PHOENIX.

9.    The Claimant claims equitable and/or statutory interest on all sums awarded by way of restitution of benefits received, equitable compensation or damages in respect of the matters complained of above.

**AND THE CLAIMANT CLAIMS:**

(1)    A declaration that the assets of the Defendants including (without limitation), the M/V OCEAN DAISY, and/or the M/V OCEAN ELLIE, and/or the M/V OCEAN HARMONY and/or the M/V OCEAN PHOENIX, are held on trust for Ocean Trade and/or represent the traceable product of property which in equity belongs to Ocean Trade;

(2)    Monetary restitution, equitable compensation/damages in respect of all benefits associated with the wrongs complained of, to the extent that proprietary satisfaction has not been obtained;

(3)    Damages;

(4)    All necessary accounts/enquiries;

(5)    Interest as above;

217

(6)    Further/other relief.


Dated this 3rd day of July 2007


Statement of Truth
I believe that the facts stated in these particulars of claim form are true.
I am duly authorised by the Claimant to sign this statement

Full name  Nick Shepherd.

Name of Claimant's solicitor's firm   Ince & Co

Signed _____   Solicitor/Partner, Ince & Co

*delete as appropriate


Ince & Co
International House
1 St Katharine's Way
London
EW1 1UN
Fax: 020 7481 0010
Tel: 020 7481 4968
Ref: Nick Shepherd.

Claimant's or claimant's solicitor's address
to which documents or payments should be
sent if different from overleaf including (if
appropriate) details of DX, fax or e-mail

218

EUGENERAL/4100205

Case No.            : ADM102/2007/B
Date of Filing      : 03/07/2007
Time of Filing      : 20:43:59
Doc Control No.     : 1635873/J



Mrs Koh Juat Jong
Registrar
Supreme Court
Singapore

IN THE HIGH COURT OF THE REPUBLIC OF
SINGAPORE

Admiralty action in rem against the ship or vessel
"OCEAN ELLIE" (LR No. 9118238)

Between

OCEAN TRADE S.A.
No ID No. exists

...Plaintiff(s)

And

THE OWNERS AND/OR DEMISE
CHARTERERS OF THE SHIP OR VESSEL
"OCEAN ELLIE"
(Marshall Islands) LR No. 9118238

...Defendant(s)

---

WRIT OF SUMMONS IN ADMIRALTY
ACTION

---

S MOHAN
MESSRS GURBANI & CO.
9 TEMASEK BOULEVARD
#17-01 SUNTEC TOWER 2
SINGAPORE 038989
TEL: 6336 7727
FAX: 6336 0110
Ref: RK/MS/20070305/es

Filed this 3rd day of July 2007

219

### WRIT OF SUMMONS IN ACTION IN REM
### IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Admiralty in Rem     )
No.  102  of 2007  B  )

Admiralty action *in rem* against the ship or vessel "OCEAN ELLIE" (LR No. 9118238)

Between

**OCEAN TRADE S.A.**
(No ID No. Exists)

... Plaintiffs

And

**THE OWNERS AND/OR DEMISE CHARTERERS OF THE SHIP OR VESSEL "OCEAN ELLIE" (LR No. 9118238)**

... Defendants

TO:  THE OWNERS OF AND/OR DEMISE CHARTERERS AND OTHER PERSONS INTERESTED IN THE SHIP OR VESSEL "OCEAN ELLIE" (LR NO. 9118238) OF THE PORT OF MAJURO, MARSHALL ISLANDS.

THIS WRIT OF SUMMONS has been issued by the Plaintiffs against the property described above in respect of the claim indorsed herein.

Within eight (8) days after the service of this Writ on you, you must either satisfy the claim or cause an appearance to be entered for you using the electronic filing service and in default of your doing so the Plaintiffs may proceed with the action and judgment may be entered against you be given in your absence, and if the property described in this writ is then under arrest of the Court it may be sold by order of the Court.

Dated this 3rd day of July 2007

..............................
Solicitors for the Plaintiffs
**Messrs Gurbani & Co.**

..............................
Registrar
Supreme Court, Singapore

220

2

This writ may not be served more than twelve calendar months after the above date unless renewed by Order of Court.

The Defendant(s) may enter an appearance(s) either personally or by a solicitor at the Registry of the Supreme Court.

3

## INDORSEMENT OF CLAIM

1.    The Plaintiff, a company incorporated in Liberia, was the corporate vehicle through which a joint venture was conducted between Mr Charalambos (or Babis) Ziogas ("Mr Ziogas"), Maritime Financial Holding Service Corp and Maryport Navigation Corp.  The joint venture engaged in the purchase and charter back of ships.

2.    In/about 2001 – 2002 an agreement was negotiated between the Plaintiff, Inter Pacific Lines Co Ltd of Japan, and Keymax Maritime Co Ltd of Japan ("Keymax") pursuant to which, inter alia, Keymax agreed to procure the grant of purchase options over six ships held by its subsidiaries (or otherwise controlled by Keymax) to the Plaintiff ("the Compromise Agreement").  The six ships were the "OCEAN DAISY", the "OCEAN ELLIE", the "OCEAN HARMONY", the "OCEAN PHOENIX", the "OCEAN SAMPAGUITA" and the "SOUTHERN ODYSSEY" (collectively "the Option Ships").

3.    Mr Ziogas was the Plaintiff's agent and dealt with matters relating to the negotiation and implementation of the Compromise Agreement.  He accordingly owed to the Plaintiff a fiduciary obligation to act in good faith and in the best interests of the Plaintiff in respect of all his dealings relating to the negotiation and implementation of the Compromise Agreement, and generally in his dealings during the currency of the joint venture.

4.    In breach of his fiduciary obligation to the Plaintiff, and/or fraudulently, Mr Ziogas:

      (a)    procured that the purchase options that were granted for the benefit of the Plaintiff in accordance with the Compromise Agreement were in fact granted to the benefit of a company or companies controlled by Mr Ziogas rather than the Plaintiff;

222

4

(b)    failed to take steps to procure the transfer of the purchase options over the Option Ships to the Plaintiff.

5.    The owners and/or the bareboat charterers of the ship or vessel "OCEAN ELLIE" are entities owned/controlled by Mr Ziogas which have obtained benefits resulting from and/or in connection with Mr Ziogas' breaches of fiduciary duty and/or fraudulent conduct.

6.    Further/alternatively, the owners and/or the bareboat charterers of the ship or vessel "OCEAN ELLIE" are entities owned/controlled by Mr Ziogas which have obtained benefits which in equity belong to the Plaintiff as the beneficial owner of (i) the purchase options granted over the Option Ships (alternatively the contractual right to such purchase options under the Compromise Agreement), and (ii) all property representing or derived from the same including (without limitation) all property/rights obtained in respect of the ship or vessel "OCEAN ELLIE" upon the exercise of such purchase options or in exchange for them.

7.    Further/alternatively, the assets of the owners and/or the bareboat charterers of the ship or vessel "OCEAN ELLIE", including the ship itself and/or any shares therein, are held on constructive trust for the Plaintiff, or alternatively represent the traceable product of property which in equity belongs to the Plaintiff.

8.    The Plaintiff therefore claims against the owners and/or bareboat charterers of the ship or vessel "OCEAN ELLIE" as follows:

5

(a)    A claim in respect of the possession and/or ownership of the ship or vessel "OCEAN ELLIE" and/or the ownership of any shares therein;

(b)    Further/alternatively a claim (or question) arising between the Plaintiff and the owners and/or the bareboat charterers of the ship or vessel "OCEAN ELLIE" as co-owners, as to the possession, employment or earnings of the ship;

(c)    Further/alternatively a claim arising out of an agreement relating to the use of the ship or vessel "OCEAN ELLIE".

9.    (i)    The Plaintiff claims equitable and/or statutory interest on all sums awarded by way of restitution of benefits received, equitable compensation or damages in respect of the matters complained of above.

(ii)    Without prejudice to the generality of the foregoing paragraphs of the endorsement of claim herein, the Plaintiffs claim:-

(1)    A declaration that the assets of the Defendants including (without limitation), the ship or vessel "OCEAN ELLIE", are held on trust for the Plaintiffs and/or represent the traceable product of property which in equity belongs to the Plaintiffs;

(2)    Further or alternatively, monetary restitution, equitable compensation/damages in respect of all benefits associated with the wrongs complained of, to the extent that proprietary satisfaction has not been obtained;

(3)    Further or alternatively, damages;

224

6

(4)    Further or alternatively, all necessary accounts/enquiries;

(5)    Interest;

(6)    Costs;

(7)    Such further/other relief as this Honourable Court deems fit and/or
       just.

....................................
Solicitors for the Plaintiffs
**Messrs Gurbani & Co**

7

## ENDORSEMENT AS TO SOLICITOR AND ADDRESS

This writ is issued by Messrs Gurbani & Co of 9 Temasek Boulevard, #17-01 Suntec Tower 2, Singapore 038989, Solicitors for the Plaintiffs whose address is at 80, Broad Street, Monrovia, Liberia.

## ENDORSEMENT AS TO SERVICE

This Writ was served by ................................., clerk to Messrs Gurbani & Co. on the vessel ...................................... of the Port of ..............................., lying at ................................................................................ Grid No. ........................., on ....................................., the ............ day of ............................... 2007 at the hour of ........................... by attaching the Writ of Summons for a short time on the wheel-house of the vessel and on removal of the Writ of it was left affixed in its place, a sheltered part of the said vessel.

Endorsed this          day of              2007

*Process Server*

--    2 2 6

Amended as undermined in red
this ___9th___ day of July 2007
pursuant to the O20 r.1 RHC

HCAJ 110 /2007



IN THE HIGH COURT OF HONG KONG

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

ADMIRALTY ACTION NO. 110 OF 2007

Admiralty action in rem against: MV Ocean Ellie

BETWEEN

Ocean Trade SA

Plaintiff

and

The Owners and / or Demise Charterers of the ship or vessel
*MV Ocean Ellie*

Defendant

## AMENDED WRIT OF SUMMONS IN ACTION IN REM

TO THE DEFENDANT and other persons interested in the ship or vessel *Ocean Ellie* registered at the port of Majuro.

THIS AMENDED WRIT OF SUMMONS has been issued by the Plaintiff against the property described above in respect of the claim set out on the back. Within 14 days after the service of this Amended Writ on you, counting the day of service, you must either satisfy the claim or lodge in the Registry of the High Court mentioned below an ACKNOWLEDGMENT OF SERVICE.

If you fail to satisfy the claim or to return the Acknowledgment within the time stated, the Plaintiff may proceed with the action and judgment may be given without further notice to you and if the property described in this Amended Writ is under the arrest of the Court it may be sold by order of the court.

Issued from the Registry of the High Court this   4th   day of July 2007.

Registrar

*Note*:- This Amended Writ may not be served later than 12 calendar months beginning with that date unless renewed by order of the Court.

IMPORTANT          227

1 co-xxxxxxxxx

Directions for Acknowledgment of Service are given with the accompanying form.

## AMENDED INDORSEMENT OF CLAIM

### Brief details of claim

1.   The Plaintiff, a company incorporated in Liberia, was the corporate vehicle through which a joint venture was conducted between Mr Charalambos (or Babis) Ziogas ("Mr Ziogas"), Maritime Financial Holding Service Corp and Maryport Navigation Corp. The joint venture engaged in the purchase and charter back of ships.

2.   In/about 2001 – 2002 an agreement was negotiated between the Plaintiff, Inter Pacific Lines Co Ltd of Japan and Keymax Maritime Co Ltd of Japan ("Keymax") pursuant to which, inter alia, Keymax agreed to procure the grant of purchase options over six ships held by its subsidiaries (or otherwise controlled by Keymax) to the Plaintiff ("the Compromise Agreement"). The six ships were the M/V OCEAN ELLIE, the M/V OCEAN DAISY, the M/V OCEAN HARMONY, the M/V OCEAN PHOENIX, the M/V OCEAN SAMPAGUITA, and the M/V SOUTHERN ODYSSEY (collectively "the Option Ships").

3.   Mr Ziogas was the Plaintiff's agent and dealt with matters relating to the negotiation and implementation of the Compromise Agreement. He accordingly owed to the Plaintiff a fiduciary obligation to act in good faith and in the best interests of the Plaintiff in respect of all his dealings relating to the negotiation and implementation of the Compromise Agreement, and generally in his dealings during the currency of the joint venture.

4.   In breach of his fiduciary obligation to the Plaintiff, and/or fraudulently, Mr Ziogas

    (a)   procured that the purchase options that were granted for the benefit of the Plaintiff in accordance with the Compromise Agreement were in fact

228

granted to the benefit of a company or companies controlled by Mr Zlogas rather than the Plaintiff;

(b) failed to take steps to procure the transfer of the purchase options over the Option Ships to the Plaintiff.

5. The owners and/or the bareboat charterers of the M/V OCEAN ELLIE and/or the M/V OCEAN DAISY and/or the M/V OCEAN HARMONY and/or the M/V OCEAN PHOENIX are entities owned/controlled by Mr Zlogas which have obtained benefits resulting from and/or in connection with Mr Zlogas' breaches of fiduciary duty and/or fraudulent conduct.

6. Further/alternatively, the owners and/or the bareboat charterers of the M/V OCEAN ELLIE and/or the M/V OCEAN DAISY and/or the M/V OCEAN HARMONY and/or the M/V OCEAN PHOENIX are entities owned/controlled by Mr Zlogas which have obtained benefits which in equity belong to the Plaintiff as the beneficial owner of (i) the purchase options granted over the Option Ships (alternatively the contractual right to such purchase options under the Compromise Agreement), and (ii) all property representing or derived from the same including (without limitation) all property/rights obtained in respect of the M/V OCEAN ELLIE and/or the M/V OCEAN DAISY and/or the M/V OCEAN HARMONY and/or the M/V OCEAN PHOENIX upon the exercise of such purchase options or in exchange for them.

7. Further/alternatively, the assets of the owners and/or the bareboat charterers of the M/V OCEAN ELLIE and/or the M/V OCEAN DAISY and/or the M/V OCEAN HARMONY and/or the M/V OCEAN PHOENIX, including the ships themselves and/or any shares therein, are held on constructive trust for the Plaintiff, or alternatively represent the traceable product of property which in equity belongs to the Plaintiff.

229

8.    The Plaintiff therefore claims against the owners and/or bareboat charterers of the M/V OCEAN ELLIE and/or the M/V OCEAN DAISY and/or the M/V OCEAN HARMONY and/or the M/V OCEAN PHOENIX as follows:

(a)    A claim in respect of the possession and/or ownership of the M/V OCEAN ELLIE and/or the M/V OCEAN DAISY and/or the M/V OCEAN HARMONY and/or the M/V OCEAN PHOENIX and/or the ownership of any shares therein;

(b)    Further/alternatively a claim (or question) arising between the Plaintiff and the owners and/or the bareboat charterers of the M/V OCEAN ELLIE and/or the M/V OCEAN DAISY and/or the M/V OCEAN HARMONY and/or the M/V OCEAN PHOENIX as co-owners, as to the possession, employment or earnings of the ships;

(c)    Further/alternatively a claim in respect of an agreement or agreements relating to the use of the M/V OCEAN ELLIE and/or the M/V OCEAN DAISY and/or the M/V OCEAN HARMONY and/or the M/V OCEAN PHOENIX and/or relating to the use or hire of the M/V OCEAN RBYNZ and/or the M/V OCEAN LEO and/or the M/V KOWHAI.

9.    The Plaintiff claims equitable and/or statutory interest on all sums awarded by way of restitution of benefits received, equitable compensation or damages in respect of the matters complained of above.

10.    Further and in the alternative the Plaintiff claims interest on any sums awarded pursuant to Section 48 of the High Court Ordinance (Cap 4).

AND THE PLAINTIFF CLAIMS:

(1)    A declaration that the assets of the Defendants including (without limitation), the M/V OCEAN ELLIE and/or the M/V OCEAN DAISY and/or the M/V OCEAN HARMONY

230

{ 00285 }

and/or the M/V OCEAN PHOENIX, are held on trust for Ocean Trade and/or represent the traceable product of property which in equity belongs to Ocean Trade;

(2)     Monetary restitution, equitable compensation/damages in respect of all benefits associated with the wrongs complained of, to the extent that proprietary satisfaction has not been obtained;

(3)     Damages;

(4)     All necessary accounts/enquiries;

(5)     Interest as above;

(6)     Further/other relief..

~~Dated this   4th  day of July 2007.~~

Dated this ..... 9th ..... day of July 2007.

Ince & Co
Solicitors for the Plaintiffs

Ince & Co
Solicitors for the Plaintiffs

Where the Plaintiff's claim is for a debt or liquidated demand only: If, within the time for returning the Acknowledgment of Service, the Defendant pays the amount claimed and $ for costs and, if the Plaintiff obtains an order for substituted service, the additional sum of $      , further proceedings will be stayed. The Money must be paid to the Plaintiff or his Solicitor.

THIS AMENDED WRIT was issued by Messrs. Ince & Co of Room 3801 – 6, 38ᵗʰ Floor, ICBC Tower, Citibank Plaza, 3 Garden Road, Hong Kong, Solicitors for the said Plaintiff whose address is 80 Broad Street, Monrovia, Liberia.

232

HCAJ 110/2007

IN THE HIGH COURT OF HONG KONG

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

ADMIRALTY ACTION NO.   110   OF 2007

---

Admiralty action in rem against MV Ocean Ellie

BETWEEN

Ocean Trade SA

Plaintiff

and

The Owners and / or Demise Charterers
of the ship or vessel
MV Ocean Ellie          Defendant

---

**AMENDED WRIT OF SUMMONS IN ACTION IN REM**

Issued the day of   4ᵗʰ   day of July 2007
at          o'clock in the fore / afternoon

Filed the 9th day of July 2007

Ince & Co
Solicitors for the Plaintiffs
Room 3801 – 6, 38th Floor, ICBC Tower
Citibank Plaza
3 Garden Road
Hong Kong

Tel +852 2877 3221
Fax +852 2877 2633
Ref MCP/T.7045

233

INCE
&CO

INTERNATIONAL
LAW FIRM

Mr Ion Varouxakis
Chief Executive Officer
FreeSeas Inc
89 Akti Miaouli
Piraeus 185 85
Greece

International House
1 St Katharine's Way
London E1W 1UN
DX 1070 London City

Tel +44 20 7481 0010
Fax +44 20 7481 4968
www.incelaw.com

Your Ref

Our Ref    NS/8262

09 July 2007

**by email & by fax**

Dear Sirs

## Ocean Harmony/Ocean Daisy/Ocean Phoenix - URGENT

We act for Ocean Trade S.A. of Liberia ("Ocean Trade").

The purpose of this letter is to put you on notice in respect of claims that Ocean Trade have in relation to the M/V *Ocean Daisy*, M/V *Ocean Harmony* and M/V *Ocean Phoenix* ("the Vessels"). We understand that your company has contracted to purchase the Vessels, and that you may have taken delivery of the *Ocean Phoenix* in recent days. In the circumstances Ocean Trade's claim as explained below is likely to be of considerable interest to you.

Ocean Trade was the corporate vehicle through which a joint venture was conducted between Dr Charalambos (Babis) Ziogas, Maritime Financial Holdings Services Corp ("MFHSC") and Maryport Navigation Corp ("Maryport"). The joint venture engaged in the purchase and charter back of various ships.

The role of Dr Ziogas in the joint venture was to act as the agent and representative of Ocean Trade in exchanges and negotiations with various parties, including two Japanese companies called Keymax Maritime Co Ltd ("Keymax") and Inter Pacific Lines Co Ltd ("IPL").

MFHSC was a company owned/controlled by Dr Ziogas. MFHSC's role in the joint venture was that they held an option between October 2001 and June 2002 to buy out any and all interest of Maryport in Ocean Trade. In the event, MFHSC never exercised that option, and Maryport remained at all times the sole shareholder of Ocean Trade.

Pursuant to a signed agreement dated 31 December 2001 between Keymax and Ocean Trade & others ("the Option Agreement"), Keymax Maritime Co Ltd ("Keymax") of Japan agreed to procure the grant of purchase options in respect of six ships, including the *Ocean Daisy*, *Ocean Harmony* and *Ocean Phoenix*. The purchase options were to be issued by the then owning companies, various Keymax subsidiaries or affiliates, in favour of Ocean Trade.

234



INTERNATIONAL
LAW FIRM

09 July 2007

The Option Agreement was the culmination of 12 months of negotiations between Ocean Trade, Keymax and another Japanese company, IPL. During those negotiations, Dr Ziogas was acting as Ocean Trade's agent and dealt with most of the relevant discussions and exchanges with Keymax and IPL. Dr Ziogas reported on his activities to Ocean Trade's representative, Mr George Economou. However, it was Dr Ziogas who was the main point of contact with Keymax (and IPL) during the negotiations, and indeed throughout the operation of the joint venture up until July 2002. In his capacity as Ocean Trade's agent, Dr Ziogas owed fiduciary obligations to Ocean Trade to act in good faith and in the best interests of Ocean Trade at all times, including during all his dealings with Keymax in connection with the Option Agreement.

As set out in the endorsement that appears on the attached issued in rem writs, it is Ocean Trade's case that Dr. Ziogas, in breach of his fiduciary obligations to Ocean Trade, procured that the purchase options granted for the benefit of Ocean Trade in accordance with the Option Agreement were granted in the name of other companies owned/controlled by Dr. Ziogas, and not Ocean Trade.

As a result of serious breaches of fiduciary obligations committed by Dr. Ziogas, it is Ocean Trade's position that the Vessels belong to them. To that end, Ocean Trade have issued in rem proceedings against the Vessels in various jurisdictions throughout the world. By way of example, we attach examples of the in rem writs issued last week in London, Hong Kong and Singapore.

By way of clarification, where in rem proceedings are issued against a ship and that ship later changes ownership after the proceedings were issued, the ship can still be arrested for the in rem claim if it enters the relevant jurisdiction. This principal, sometimes known as a statutory lien, is well established in many jurisdictions. Any competent maritime lawyer will be able to confirm this to you.

Ocean Trade's claim arising from these matters is substantial. If quantified in a monetary amount, it would be of the order of US$60 – 70 million (if the *Ocean Ellie* is included). Ocean Trade will take whatever action they consider appropriate to secure their claims in respect of the ownership of the Vessels, and various other claims arising out of the conduct of Dr Ziogas. Such action shall include but not be limited to the arrest of the Vessels. Ocean Trade already have commenced in rem proceedings against the Vessels in various jurisdictions. Ocean Trade will be taking further action against the Vessels and their current owning companies over the next few days.

As stated at the outset, the purpose of this letter is to put you on notice in respect of the above matters.

Yours faithfully,

*Ince & Co*

Ince & Co.

235

1.723.543.200 433/667

2