JUDGE PRESKA

'07 CIV 7762

320-07/PJG/MAM/BGC

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Manuel A. Molina (MM 1017)
Barbara G. Carnevale (BC 1651)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

OCEAN TRADE S.A.;
PANAPORT SHIPPING S.A.;
PILLSBURG NAVIGATION S.A.; and,
STERLING NAVIGATION S.A.

     Plaintiffs,

 -against-

CHARALAMBOS ZIOGAS a/k/a BABIS ZIOGAS
a/k/a BABIS O. ZIOGAS, an individual;
MARITIME FINANCIAL SERVICE CORP.
n/k/a MFS SHIPMANAGEMENT CORP.;
PEGASUS SHIPHOLDINGS CORP.;
EAST WEST MARITIME INVESTMENT LTD.;
DAISY SHIPPING LTD.;
ELLIE SHIPPING LTD.;
HARMONY SHIPPING LTD.;
OCEAN PHOENIX SHIPPING LTD.;
ASIAN FRIENDSHIP SHIPPING LTD;
ASIAN UNITY SHIPPING LTD.; and,
OLYMPIAN GODDESS SHIPPING LTD.;

     Defendants.
------------------------------------------------------------------x

07 CIV ____ ( __ )

CARNEVALE AFFIDAVIT
PURSUANT TO RULE B(1)
AND IN SUPPORT
OF ORDER APPOINTING
PERSON TO SERVE PROCESS
PURSUANT TO RULE 4(c)
**AND SCOPE OF SERVICE**

State of New York )
       ) ss.:
County of New York )

 BARBARA G. CARNEVALE, being duly sworn, deposes and says as follows:

NYDOCS1/287273.1

1.  I am a member of the Bar of the United States District Court, Southern District of New York, admitted to practice before this Court and I am an associate of the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiffs herein.

2.  This Affidavit is submitted pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure (see paragraphs 3-5, below) and in support of Plaintiffs' application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure (see paragraphs 6-9, below).

3.  Deponent has made an investigation and deponent believes that based upon the results of this investigation, the corporate Defendants MARITIME FINANCIAL SERVICE CORP. n/k/a MFS SHIPMANAGEMENT CORP.; PEGASUS SHIPHOLDINGS CORP.; EAST WEST MARITIME INVESTMENT LTD.; DAISY SHIPPING LTD.; ELLIE SHIPPING LTD.; HARMONY SHIPPING LTD.; OCEAN PHOENIX SHIPPING LTD.; ASIAN FRIENDSHIP SHIPPING LTD.; ASIAN UNITY SHIPPING LTD.; and OLYMPIAN GODDESS SHIPPING LTD. are corporations or other business entities that cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this position, deponent has conducted the following investigation:

(a)  Deponent contacted the office of the New York Department of State, Division of Corporations on August 27, 2007, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the corporate Defendants and the search results indicated that the corporate Defendants are not New York corporations, nor are they licensed, authorized or registered to do business in the State of New York as either domestic or international corporations;

(b)  Deponent consulted with Directory Assistance for New York on August 27, 2007 for area codes (212), (347), (718), (917) and (646) and no listings for the

corporate Defendants, were located;

(c) Deponent, on August 27, 2007, reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2007 Edition (Vol. 1 New York Metropolitan Area) and no listings were found for the corporate Defendants;

(d) Deponent accessed, on August 27, 2007, through MSN and Yahoo! Search engines the yellow pages telephone directory database and found no listings in that database for any offices or agents of the corporate Defendants within this district;

(e) Deponent is unaware of any general or managing agent(s) within this District for the corporate Defendants.

4. With regard to the individual Defendant, Charalambos Ziogas a/k/a Babis Ziogas a/k/a Babis O. Ziogas, deponent has made an investigation and deponent believes that based upon the results of this investigation, that the above individual cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this position, deponent has conducted the following investigation:

(a) Deponent conducted an internet search on Accurint, a LexisNexis site, on July 17, 2007 and located a summary of past New York addresses for Charalambos, Ziogas and Babis O. Ziogas with the most recent address provided as 544 3rd Avenue, New York, NY 10016-3541.

(b) On July 17, 2007, deponent went to 544 3rd Avenue to ascertain whether Charalambos, Babis or Babis O. Ziogas resided at said address and deponent noted that the names on the buzzer box for the four-story building did not include Charalambos, Babis or Babis O. Ziogas.

(c) On July 17, 2007 deponent conducted an internet search on Intelius.com and

found the same list of past addresses for Charalambos, Babis O. and Babis Ziogas as provided on the LexisNexis site, Accurint.

(d) Deponent consulted with Directory Assistance for New York on August 27, 2007 for area codes (212), (347), (718), (917) and (646) and no listings for Charalambos or Babis Ziogas were located.

5. Based upon the foregoing, your deponent submits that the individual and corporate Defendants cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an order of attachment against such tangible and intangible property of the Defendants as may be found within this District up to and including the amount of the claim as specified in the Verified Complaint.

6. Plaintiffs also apply, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing myself, Lawrence J. Kahn, Manny Molina, Pamela Schultz, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment issued pursuant to FRCP Supplemental Rule B upon the named garnishee(s) as well as any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for, or on behalf of the Defendants.

7. Plaintiffs are desirous of serving the Process of Attachment and Garnishment on the garnishee(s) with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy a judgment that may ultimately be entered by Plaintiffs against the Defendants.

8. To the extent this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there

is no need to require that the service be effected by the Marshal as it simply involves delivery of the process to the respective garnishee(s).

9.   Plaintiffs also request that the Court grant them leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the Defendants within this District. By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of the Process without the need to return to the Court for permission to amend the process simply to name other garnishees.

10.  In addition, and to avoid the need to repetitively serve the garnishees/banking institutions, Plaintiffs respectfully seek leave, as embodied in the accompanying order, for any process served on a garnishee to be deemed to be effective and continuous throughout the remainder of the day upon which such service is made commencing from the time of such service, and that same service is further deemed to be effective through the end of the next business day provided another service is made during the next business day; to authorize service by facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, such service to be in accordance with each garnishee's preference or policy; and to deem such facsimile or other electronic transmission as being accomplished within this district if it has been sent from within the district.

_____
Barbara G. Carnevale

Sworn to before me this
31 day of August, 2007

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

NYDOCS...                    5