320-07/PJG/MAM/BGC
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Manuel A. Molina (MM 1017)
Barbara G. Carnevale (BC 1651)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-5-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
OCEAN TRADE S.A.;
PANAPORT SHIPPING S.A.;
PILLSBURG NAVIGATION S.A.; and,
STERLING NAVIGATION S.A.

                Plaintiffs,

    -against-

CHARALAMBOS ZIOGAS a/k/a BABIS ZIOGAS
a/k/a BABIS O. ZIOGAS, an individual;
and,
MARITIME FINANCIAL SERVICE CORP.
n/k/a MFS SHIPMANAGEMENT CORP.;
PEGASUS SHIPHOLDINGS CORP.;
EAST WEST MARITIME INVESTMENT LTD.;
DAISY SHIPPING LTD.;
ELLIE SHIPPING LTD.;
HARMONY SHIPPING LTD.;
OCEAN PHOENIX SHIPPING LTD.;
ASIAN FRIENDSHIP SHIPPING LTD.
ASIAN UNITY SHIPPING LTD.; and
OLYMPIAN GODDESS SHIPPING LTD.;

                Defendants.
-----------------------------------------------------------x

07 CIV ____ (___)

**ORDER (i) DIRECTING CLERK TO ISSUE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT; (ii) APPOINTING PERSON(s) TO SERVE PROCESS PURSUANT TO RULE 4(c); and (iii) CONFIRMING SCOPE OF SERVICE**

      Upon reading and filing the Verified Complaint of the Plaintiffs herein, verified on the

31st day of August, 2007, and the Affidavit of Barbara G. Carnevale, sworn to on the same day,

that to the best of her information and belief, the Defendants cannot be found within this District

NYDOCS1/287266.1

Returned to chambers for scanning on 9/6/07
Scanned by chambers on 9/7/07

for the purpose of an attachment under Supplemental Rule B(1), and the Plaintiffs further praying for an order appointing a special process server to serve the Process of Attachment and for an order defining the scope and methodology of the service of the Process, the grounds for which are also outlined in the above referenced affidavit; and

The Court having found that the conditions for an attachment as required by Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure exist, and that issuance of an Order authorizing a special process server and defining the scope and methodology of the service of the Process would be appropriate under the circumstances of this action;

NOW, upon motion of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiffs, it is hereby O R D E R E D that the Clerk of this Court is directed forthwith to issue the Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property of the Defendants, as described therein, including but not limited to any property of the Defendants (hereinafter "ASSETS"), as may be held, received or transferred in their own names or for their benefit at, moving through, or within the possession, custody or control of banking institutions and/or other institutions or such other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of $107,930,500 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in respect to the claim against the Defendants, as identified in the Verified Complaint and as specified in the Process; and it is further

O R D E R E D that supplemental process enforcing the Court's Order may be issued and served without further Order of the Court; and it is further

**O R D E R E D** that Lawrence J. Kahn, Manny Molina, Barbara G. Carnevale, Pamela L. Schultz, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the Verified Complaint, together with a copy of this Order and any Interrogatories, upon any garnishee named in the Process, together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiffs) may hold assets of, for, or on behalf of the Defendants; and it is further

**O R D E R E D** that following initial service upon any garnishee by the United States Marshal or any other person designated by Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment may thereafter be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, such service to be in accordance with each garnishee's preference or policy, and such facsimile or other electronic transmission shall be deemed to be made within the district if it has been sent from within the district, *(and, in addition, service shall be made by mail on the individual defendants at their last known addresses)* and it is further

**O R D E R E D** that service on any garnishee herein is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service, and that same service is further deemed to be effective through the end of the next business day provided another service is made during the next business day.

Dated: September 5, 2007
New York, New York

_____
U.S.D.J.