320-07PJG/GMV

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OCEAN TRADE S.A.; et al., <br><br> Plaintiffs <br><br> - against - <br><br> CHARALAMBOS ZIOGAS a/k/a BABIS ZIOGAS a/k/a BABIS O. ZIOGAS, an individual, et al. <br><br> Defendants. | 07 Civ. 7762 (LAP) <br><br> **DECLARATION OF** <br> **GEORGE D. PAVLIS** |

I, GEORGE D. PAVLIS, declare as follows:

1. I am a Greek national, a licensed and qualified Greek attorney, and a partner at the Scorinis Law Offices located at 67 Iroon Polytechniou Avenue, Piraeus, Greece. My practice areas focus heavily in the commercial and shipping areas. I can read and speak English fluently and submit this Declaration based upon my personal knowledge.

2. I am familiar with the underlying facts of this case, as I previously reviewed the matter together with my partner Mr John E. Vrellos, who has provided a declaration in connection with proceedings filed in South Africa.

3. I have been asked by Freehill Hogan & Mahar, LLP, the attorneys representing Plaintiffs in this action, to provide comments with respect to certain aspects of Greek law concerning the duties owed by an agent to a principal and the lifting of the corporate veil.

4. I understand that this Declaration is being submitted in response to a motion that has been filed by the Defendants in the captioned suit in New York.

5. I should add that although I am providing comments on Greek law as requested, the applicable law in this case is not necessarily Greek law, since the dispute in issue has an international character.

6. With this brief introduction, I turn to the particular areas of Greek law on which I have been asked to comment.

*Duties of Agent to Principal*

7. Under Greek law, the right and authority of an individual to act "on behalf of" a legal entity pertaining to any kind of transaction (maritime or otherwise) can be established either because that individual is entrusted by the entity with management of its affairs in general or because he is authorized for any other reason to represent the entity in respect of a specific transaction.

8. The mandate given to the individual is considered a contract according to which the mandatory undertakes to conduct the affairs entrusted to him by the mandator. The mandatory is equally called the "agent" and the mandator the "principal".

9. Under Greek law, such contracts need not be in writing.

10. Under Greek law, the agent is obliged to carry out the matter assigned to him, in accordance with the instructions of his principal and if there are no such instructions, to do whatever the nature of the case and the interest of the principal imposes.

11. Furthermore, under Greek law, a mandatory relationship (that is, an agent/principal relationship) is considered by the courts as establishing between the parties a "fiduciary" relationship.

12. It is also accepted that the agent is obliged to carry out the assigned matter, in accordance with good faith and the commercial ethics, as same are provided in Articles 200 and 288 of the Greek Civil Code.

13. Similarly so, with respect to the relationship between a director of a company and the company, the courts have held that the director owes duties to the company due to their fiduciary relationship and that the mandate imposes upon the director obligations stronger than

2

the ones due as per the general principles of good faith. (Multi-Member First Instance Court of Athens Judgment No. 419/2005).

14. Moreover, an agent has a duty to keep his principal informed regarding the assignment he undertook (Article 718 of the Greek Civil Code) and to hand over to his principal whatever he acquires in executing such assignment (Article 719 of the Greek Civil Code)

15. If the mandatory/agent does not fulfill his duties and obligations to the principal/mandator, he is obliged to pay compensation to the mandator covering any and all the loss and damages the principal suffered. (Judgment of Athens Court of Appeal No. 5921/2006). In accordance with this rule, if in breach of his mandate the mandatory/agent acquires the ownership of an asset other than on behalf of his mandator/principal, then the mandatory/agent is obliged to pay compensation to the mandator/principal to cover his loss and damages. (Judgment of the Salonica Court of Appeal no. 757/1979).

*Lifting of Corporate Veil*

16. Greek law recognizes the concept of "lifting the corporate veil", under which the acts or omissions of a shareholder can be considered those of the corporation and the corporation subject to liability in the same way as the individual shareholder, and vice versa.

17. Under Greek law, the lifting of the corporate veil can be grounded upon Article 281 of the Greek Civil Code prohibiting the abuse of rights including the use of the corporate veil of companies to try to protect against personal liability.

18. The corporate veil can be lifted if the main shareholder of a company uses the existence of that company to get around in a fraudulent way the obligations imposed upon him by the law (in *fraudem legis*) or to cause damage to a third party or to avoid fulfilling his commitments. In any one of these cases, the act/omission/assets of the company are

3

Appeal No. 348/2005.

19.     In addition, where a corporation is utilized by an individual or another corporation as the vehicle through which to perpetrate a fraud or some other wrongful act, or is the vehicle through which assets obtained through such conduct are held, an action will lie against that corporate entity under Greek law.

I declare under penalty of perjury the laws of the United States that the foregoing is true and correct.

Dated: March 26, 2008
       Piraeus, Greece

_____
GEORGE D. PAVLIS